UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE SUBPOENA IN: | : |
| SECURITIES AND EXCHANGE COMMISSION, | : |
| Plaintiff, | :  No. 1:05-mc-00506-RWR-AK |
| v. | : |
| | :  (Related Case: |
| BIOPURE CORPORATION, | :  Civ. A No. 05-11853-PBS, pending |
| THOMAS MOORE, HOWARD RICHMAN, | :  in the United States District Court |
| and JANE KOBER | :  for the District of Massachusetts) |
| Defendants. | : |

**SECURITIES AND EXCHANGE COMMISSION'S RESPONSE
TO DEFENDANT BIOPURE CORPORATION'S MOTION TO
COMPEL FDA COMPLIANCE WITH FEDERAL SUBPOENAS**

The Securities and Exchange Commission ("Commission") respectfully submits this response to Defendant Biopure Corporation's ("Biopure") Motion to Compel FDA Compliance with Federal Subpoenas ("Motion"). The Commission respectfully requests that Biopure's Motion be denied in its entirety because, in addition to any reason set forth by the Food and Drug Administration ("FDA"), the documents sought by Biopure:

(1) have already been produced by the Commission,

(2) are already in the possession of Biopure, or

(3) are entirely irrelevant to the securities enforcement action in which the subpoenas at issue here were issued (the "Underlying Enforcement Action").[1]

In addition, the Commission recognizes that this Court is not presiding over the Underlying Enforcement Action, and therefore also submits this response to provide the Court

---

[1] The Commission does not object to defendants deposing relevant witnesses who are FDA employees provided that defendants comply with the requirements of 21 C.F.R. § 20.1.

with additional factual and procedural information about the Commission's pending enforcement action against Biopure and about the current state of document discovery in that action.

## Preliminary Statement

The pending Motion relates to three subpoenas issued in this District by counsel for Biopure, one of four defendants in the Underlying Enforcement Action. The Underlying Enforcement Action is a civil action brought by the Commission for violations of the federal securities laws, currently pending in the United States District Court in Boston, Massachusetts. The three subpoenas at issue here purport to require that a non-party, the FDA, produce of an enormous number of documents that -- to the extent not privileged, not already produced by the Commission or not already in Biopure's possession -- are entirely irrelevant to the Underlying Enforcement Action.

In the Underlying Enforcement Action, the Commission charges defendants with fraudulently misrepresenting the status of Biopure's efforts to obtain FDA approval to test and market a product while simultaneously raising tens of millions of dollars from investors. The key facts center on disclosures and omissions made by the defendants: what the defendants knew at the time (or where reckless in not knowing) and what they said. The Commission acknowledges that the FDA and its employees are relevant to this action, but only to the extent that they communicated with the defendants; i.e., that they did or said something that the defendants were aware of. Accordingly, the communications between the FDA and Biopure either have already been produced to the defendants by the Commission or were previously in the

possession of Biopure.[2]  Additional detailed and intrusive discovery of internal FDA matters or FDA communications with non-parties would be unnecessary and irrelevant to this action because they could not possibly relate to the defendants' knowledge or their disclosures during the relevant period.

For these reasons, in addition to other reasons set forth by the FDA, this Court should deny Biopure's Motion in its entirety.

### Background

The Commission's Complaint alleges that during the period of April through December 2003, defendant Biopure and three Biopure executives engaged in a fraudulent scheme to misrepresent and conceal from investors the truth about Biopure's applications for FDA approval to test and market a blood-substitute product called Hemopure.  Specifically, the Commission alleges that in April 2003, defendants began receiving negative information from the FDA regarding Biopure's efforts to obtain FDA approval of Hemopure but failed to disclose the information, or falsely described it as positive developments.  In April 2003, the FDA imposed a clinical hold because of safety concerns about Hemopure.  The clinical hold prohibited Biopure from conducting its requested clinical trials of Hemopure in trauma settings such as emergency rooms.  During the next eight months, defendants made public statements about Biopure's plans to obtain approval of Hemopure for trauma uses while concealing the existence of the clinical

---

[2]  Prior to commencement of the Underlying Enforcement Action, Biopure already possessed nearly all of the communications between the FDA and Biopure during the relevant period and had produced those to the Commission.  The Commission has produced additional documents to defendants that they did not already posses, including summaries of telephone calls between Biopure and the FDA written by FDA employees and testimony transcripts in which FDA employees describe and explain communications with defendants.

hold and of Biopure's repeated unsuccessful attempts to lift the clinical hold.

In addition, on July 30, 2003, the FDA informed defendants that it had not approved Biopure's biologics license application ("BLA"), which sought permission to market Hemopure for use in orthopedic surgery. In its letter to Biopure, the FDA conveyed serious concerns about whether the materials Biopure had submitted in support of its application were reliable and questioned the safety of Hemopure. Defendants, however, issued public statements beginning on August 1, 2003 describing the FDA's communication as good news, causing Biopure's stock price to increase by over 20%.

As the true status of Biopure's efforts to obtain FDA approval gradually became public, through a series of incomplete and misleading disclosures between late October and the end of December 2003 (including in a press release issued after the close of the markets on Christmas Eve), the company's stock price plummeted almost 66% from its August 1 price. During the period of the scheme, Biopure raised over $35 million from investors.

## Argument

Biopure's Motion should be denied in its entirety because the documents sought by Biopure: (1) have already been produced by the Commission, (2) are already in the possession of Biopure, or (3) are utterly irrelevant to the Underlying Enforcement Action. Prior to institution of its enforcement action, the Commission staff conducted a formal investigation pursuant to an order of the Commission. In its investigation, the Commission obtained documents and testimony from several sources, including the FDA. After the Underlying Enforcement Action was commenced, the Commission produced its investigative file to defendants. The Commission's investigative file includes all documents provided to the Commission staff by the

FDA in this matter, communications between the FDA staff and Commission staff about this matter, and transcripts of all investigative testimony provided by FDA employees in this matter. Thus, <u>the Commission has already produced all of the FDA-related materials in this matter to the defendants</u>.[3]

The additional documents that Biopure now seeks from the FDA are not reasonably likely to lead to the discovery of admissible information. The three subpoenas that Biopure seeks to enforce contain identical attachments requesting production of 23 categories of documents. (See Exhibits A, B and C to Biopure's Motion.) As described below, this Court should deny Biopure's Motion with respect to each of those requests.

**Request Nos. 1-4 and 12-16 Seek Documents
That Biopure Already Possesses or that Are Irrelevant**

Biopure's Request Nos. 1-4 and 12-16 seek enormously broad categories of documents, which, if at all relevant to the pending action, are already in the possession of Biopure. Biopure seeks:

> 1. All documents concerning Biopure Corporation ("Biopure")'s biologics license application ("BLA") for Hemoglobin Glutamer-250 (bovine), also known as Hemopure (hereinafter, "Hemopure"), including [seven enumerated categories].

---

[3]  In its Motion, Biopure suggestively states that "None of the Defendants or their respective counsel were notified of the testimony [of FDA employees] at the time." Motion at 8-9. Any implication that the Commission staff acted inappropriately in not notifying defendants of the testimony at the time it was taken is absolutely and unequivocally frivolous. As defendants are aware, testimony of these witnesses was taken during a non-public formal investigation prior to the commencement of litigation. At the time, none of the current defendants had yet been sued. During a Commission investigation, no witness has a right to be notified that the Commission staff is taking investigative testimony of another witness. The Commission's Rules of Practice provide that all witnesses shall be sequestered (other than their own counsel) and that no other witness or other counsel is permitted to be present during the examination of any other witness. See 17 C.F.R. § 203.7.

2. All documents concerning Biopure's investigational new drug application ("IND") 10962, including [seven enumerated categories].

3. All documents concerning each of the defendants including [ten enumerated categories].

4. All documents concerning Hemopure, including [ten enumerated categories].

12. All documents issued, distributed, published, circulated or otherwise made available to the public by the FDA concerning Biopure's BLA for Hemopure.

13. All documents concerning Biopure's clinical studies regarding Hemopure, including [four enumerated categories].

14. All documents concerning the FDA's consideration of Biopure's clinical studies regarding Hemopure, including communications concerning that issue with the FDA.

15. All documents concerning communications with the FDA about proposed revisions to Biopure's clinical studies regarding Hemopure.

16. All documents, including any correspondence, reports, presentations, memoranda, notes, drafts, diagrams and e-mails, relating to any research projects, studies, or cost analysis conducted, initiated or funded by the United States (including the FDA), concerning Hemopure.

There are likely millions of pages of documents responsive to Request Nos. 1-4 and 12-16, and Biopure already has the vast majority of them. Biopure already has in its possession all submissions that Biopure made to the FDA in connection with Hemopure, the BLA and IND applications, all correspondence between Biopure and the FDA, and all responses from the FDA to Biopure about its submissions. To the extent there are additional documents responsive to Request Nos. 1-4 and 12-16 that Biopure does not already possess, such documents would reflect the internal deliberations of the FDA, which are not at all relevant to the pending action.

Biopure does not contend in its Motion -- nor is the Commission aware of any basis for it to contend -- that defendants were aware of the FDA's internal deliberations or that its awareness

of such internal deliberations was a factor in its decisions to disclose or fail to disclose any facts to investors. Nor does the Commission attempt impute to defendants any knowledge of the FDA's internal deliberation other than what the FDA employees actually told defendants orally or in writing.

Accordingly, this Court should deny Biopure's request to compel responses to Request Nos. 1-4 and 12-16.

**Request Nos. 5, 6 and 20 Seek Documents**
**That The Commission Has Already Produced or That Are Irrelevant**

Biopure's Request Nos. 5, 6 and 20 seek documents that the Commission has already produced or that are not relevant to this action. Biopure seeks:

> 5. All documents concerning, constituting or reflecting any communications between the FDA and the SEC about Biopure, the Biopure Defendants, Hemopure, Biopure's public disclosures or Biopure's communications with the FDA.
>
> 6. All documents concerning this lawsuit and any other lawsuit involving the Biopure Defendants or Hemopure, whether concluded, pending, or contemplated.
>
> 20. All documents relating to the joint FDA/SEC effort to increase the public's protection from false and misleading statements by enhancing inter-agency cooperation.

The Commission has <u>already produced</u> to defendants communications between the Commission staff and the FDA staff in this investigation. Specifically, the Commission has produced: all documents provided to the Commission staff by the FDA during the investigation that led to this action, all communications between FDA staff and Commission staff during the investigation, and transcripts of all investigative testimony provided by FDA employees. To the extent there are additional documents relating to this matter that are responsive to Request Nos. 5, 6 and 20, such documents would seem to be limited to internal deliberations and

7

communications within the FDA. Biopure has not made any showing as to why internal FDA documents would be relevant to any fact in the Underlying Enforcement Action. Indeed, such documents (if any exists) have not been seen by defendants or the Commission and thus, did not and could not have affected Biopure's disclosures to investors.

Accordingly, this Court should deny Biopure's request to compel responses to Request Nos. 5, 6 and 20.

**Request Nos. 7, 8 and 9 Seek Documents
That Are Irrelevant Because They Relate to
Non-Parties' Communications with the FDA About Unrelated Matters**

Biopure's Request Nos. 7, 8 and 9 seek documents that are not relevant because they relate to the FDA's communications with non-parties about matters unrelated to anything in this action. Biopure seeks:

> 7. All complete response letters, as described in the Standard Operating Procedures in effect on July 30, 2003, sent out by FDA at any time.
>
> 8. All complete response letters, as described in the Standard Operating Procedures and/or rules or regulations as amended after July 30, 2003, sent out by FDA at any time.
>
> 9. All documents concerning, constituting or reflecting any communications within FDA about changing wording of complete response letters during the period July 1, 2002 through the present.

Letters that the FDA sent to companies other than Biopure have no relevance to this case. Simply put, because defendants did not receive such letters, they could not have been aware of them at the time they were making disclosures about Biopure's applications with the FDA. Moreover, letters that defendants have never seen could not have formed the basis for any decision to disclose or fail to disclose any fact. Contrary to Biopure's assertion in its Motion (Mot. at 11), the Commission does not base any of its claims in the Underlying Enforcement

Action on the contents of complete response letters sent to other companies about unrelated products.

Accordingly, this Court should deny Biopure's request to compel responses to Request Nos. 7, 8 and 9.

**Request Nos. 10, 11 and 17-19 Seek Documents
That Are Irrelevant Because They Concern FDA's Internal
Processes, Communications and Deliberations Unrelated to Biopure's Product**

Biopure's Request Nos. 10, 11 and 17-19 seek irrelevant documents relating to FDA's internal processes, communications and deliberations, none of which is relevant to the defendants' knowledge or disclosure during the relevant time period. Biopure seeks:

> 10. All documents, including any correspondence, reports, presentations, memoranda, notes, drafts, diagrams, files, communications and e-mails, concerning any revisions (whether contemplated, considered, proposed or implemented) to CBER's Standard Operating Procedures and Policies 8405, Version #2.
>
> 11. All documents, including any correspondence, reports, presentations, memoranda, notes, drafts, diagrams, files, communications and e-mails, concerning any revisions (whether contemplated, considered, proposed or implemented) to CBER's Standard Operating Procedures and Policies 8405, Version #3.
>
> 17. All standard record retention schedules maintained pursuant to which existing FDA records are subject to routine destruction as described in 20 C.F.R. 20.23(c).
>
> 18. All documents, including any correspondence, reports, presentations, memoranda, notes, drafts, diagrams and e-mails, relating to the dissolution of, or potential dissolution of CBER.
>
> 19. Any proposed or final guidelines, protocols, FAQ's or other advisories for the information or assistance of those making public disclosures of the status of a drug biologics application approval or denial by the FDA.

None of the documents sought by Biopure in Request Nos. 10, 11 or 17-19 relate in any way to the facts of this case. With respect to Request Nos. 10 and 11, only the actual Standard

Operating Procedures and Policies, which Biopure presumably has (or has access to), are even arguably relevant. Biopure did not have any contemporaneous access to FDA's internal communications and deliberations about those procedures and policies. Biopure does not assert that it relied in any way on internal FDA communications and deliberations nor does the Commission based any of its claims on internal FDA communications and deliberations relating to its policies or procedures. Thus, these documents are not relevant to this action. Request Nos. 17, 18 and 19 represent mere fishing expeditions, as there are no issues in this case relating to FDA's retention of documents, to the potential dissolution of CBER or (if any exists) to FDA guidelines for making public disclosures.

Accordingly, this Court should deny Biopure's request to compel responses to Request Nos. 10, 11, 17, 18 and 19.

**Request Nos. 21, 22 and 23 Seek Intrusive and Irrelevant**
**Discovery into the Personnel Records of FDA Employees**

Lastly, Biopure's Request Nos. 21, 22 and 23 inappropriately seek personnel records of three employees of the FDA who were responsible for reviewing Biopure's applications. Biopure seeks:

> 21. Personnel file, job description and performance reviews during the period January 1, 2002 through January 1,2005 of Lawrence Landow.
>
> 22. Personnel file, job description and performance reviews during the period January 1, 2002 through January 1,2005 of Franklin Stephenson.
>
> 23. Personnel file, job description and performance reviews during the period January 1, 2002 through January 1,2005 of Toby Silverman.

There is no basis for Biopure to obtain personnel files, job descriptions or performance reviews of FDA employees. Personnel files, job descriptions and performance reviews contain

highly personal, private and confidential information.  Biopure has not asserted -- nor is there any basis to assert -- that any FDA employee acted inappropriately or that any FDA employee deviated from his or her job description.  Thus, there is no justification in this action in to invade the privacy of these FDA employees by allowing Biopure to fish through their personnel files.  This is especially so here, where Biopure seeks personnel files of the same FDA employees that, independent of this litigation, review Biopure's applications to test and market its products.  See 5 U.S.C. § 552 (b)(6) (FOIA exemption for personnel files to protect against "a clearly unwarranted invasion of personal privacy").

Accordingly, this Court should deny Biopure's request to compel responses to Request Nos. 21, 22 and 23.

## Conclusion

For the foregoing reasons, in addition to any reason set forth by the FDA, the Commission respectfully requests that this Court deny Biopure's Motion in its entirety.

Dated: December 23, 2005  
       Boston, Massachusetts

Respectfully submitted,

 /s/ Ian D. Roffman  
Ian D. Roffman (Mass. Bar No. 637564)  
R. Daniel O'Connor (Mass Bar No. 634207)  
Ellen Bober Moynihan (Mass. Bar No. 567598)  
ATTORNEYS FOR PLAINTIFF  
SECURITIES AND EXCHANGE COMMISSION  
73 Tremont Street, 6th Floor  
Boston, Massachusetts 02108  
(617) 573-8900, ext. 8987 (Roffman)

## Certificate of Service

I, Ian D. Roffman, hereby certify that on December 23, 2005, a true and correct copy of the foregoing Securities and Exchange Commission's Response To Defendant Biopure Corporation's Motion to Compel FDA Compliance with Federal Subpoenas was served:

By overnight delivery to:

| | |
|---|---|
| Stephen J. Crimmins<br>John J. Dempsey<br>BINGHAM MCCUTCHEN, LLP<br>1120 20th Street, NW<br>Suite 800<br>Washington, DC 20036-3406<br>(202) 778-6150<br><br>COUNSEL FOR DEFENDANT<br>BIOPURE CORPORATION | Michael Shane<br>Office of the Chief Counsel<br>U.S. Food and Drug Administration<br>5600 Fisher Lane, GCF-1<br>Rockville, MD 20857<br><br><br>COUNSEL FOR NON-PARTY<br>FOOD AND DRUG ADMINISTRATION |

By first class mail, postage prepaid to:

| | |
|---|---|
| Robert A. Buhlman<br>Donald J. Savery<br>Michael D. Blanchard<br>BINGHAM MCCUTCHEN LLP<br>150 Federal Street<br>Boston, MA 02110-1726<br>(617) 951-8000<br><br>COUNSEL FOR DEFENDANT<br>BIOPURE CORPORATION | Edward P. Leibensperger<br>Jeffrey S. Huang<br>MCDERMOTT, WILL & EMERY<br>28 State Street<br>Boston, MA 02109-1775<br>(617) 535-4046<br><br><br>COUNSEL FOR DEFENDANT<br>THOMAS MOORE |
| John D. Hughes<br>Cathy Fleming<br>Mary Patricia Cormier<br>EDWARDS ANGELL PALMER & DODGE LLP<br>101 Federal Street<br>Boston, MA 02110<br>(617) 439-4444<br><br>COUNSEL FOR DEFENDANT<br>HOWARD RICHMAN | Thomas J. Dougherty<br>Justin J. Daniels<br>Scott T. Lashway<br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>One Beacon Street<br>Boston, Massachusetts 02108<br>(617) 573-4800<br><br>COUNSEL FOR DEFENDANT<br>JANE KOBER |

Dated: December 23, 2005                /s/ Ian D. Roffman
                                                            Ian D. Roffman