UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. )     MISC. No.05-0506 (RWR/AK) <br> ) <br> BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER, ) <br> ) <br> Defendants. ) | |

### NON-PARTY UNITED STATES FOOD AND DRUG ADMINISTRATION'S MOTION FOR RECONSIDERATION

The United States Food and Drug Administration ("FDA"), by and through its undersigned counsel, respectfully moves the Court pursuant to Rule 72 of the Federal Rules of Civil Procedure and Local Civil Rule 72.2 to reconsider that part of Magistrate Judge Alan Kay's January 20, 2006 Order (the "January 20 Order") that requires the parties to meet and confer for the purpose of narrowing Biopure Corporation's third party discovery requests, which were quashed by the January 20 Order. A memorandum in support of this Motion and a proposed Order are attached.[1]

---

[1] Biopure has moved for reconsideration of that part of Magistrate Judge Kay's order which denied its motion to compel and quashed the subpoena's served on the FDA. R. 15. FDA will file an opposition to Biopure's Motion for Reconsideration in accordance with Federal Rule of Civil Procedure 72.

Respectfully submitted,

*[signature]*
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

*[signature]*
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

*[signature]*
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:
Paula M. Stannard
Acting General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Michael Shane
Associate Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. 05-0506 (RWR) ) |
| BIOPURE CORPORATION, THOMAS MOORE, HOWARD RICHMAN, and JANE KOBER, | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF NON-PARTY UNITED STATES FOOD AND DRUG ADMINISTRATION'S MOTION FOR RECONSIDERATION**

The United States Food and Drug Administration ("FDA") submits this Memorandum in Support of its Motion for Reconsideration.

This matter arises from a civil action brought by the Securities and Exchange Commission ("SEC") against Biopure Corporation ("Biopure"), Thomas Moore, Biopure's former chief executive officer, Howard Richman, Biopure's former head of regulatory affairs, and Jane Kober, Biopure's current general counsel, in the United States District Court for the District of Massachusetts. SEC v. Biopure, et al., Civ. No. 05-11853 (D. Mass. filed Sept. 14, 2005). FDA is not a party to the SEC's case.

On November 4, 2005, Biopure served FDA and FDA's Center for Biologics Evaluation and Research ("CBER") with subpoenas duces tecum ("Subpoenas") that requested testimony from several FDA

employees and the production of extensive numbers of documents.

On November 15, 2005, FDA sent Biopure's counsel written objections pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure. On December 9, 2005, Biopure filed with the Court its Motion and Memorandum of Points and Authorities in Support of Defendant Biopure Corporation's Motion to Compel FDA Compliance With Federal Subpoenas ("Motion to Compel").

On December 23, 2005, FDA filed a Motion to Quash Subpoenas Duces Tecum and Opposition to Motion to Compel ("Motion to Quash"). In support of its brief, FDA explained that (1) the United States is not a "person" within the meaning of Rule 45 of the Federal Rules of Civil Procedure and therefore cannot be served with a third-party subpoena; (2) Biopure has not submitted a proper request for testimony pursuant to FDA's Touhy regulations; and (3) compliance with Biopure's Subpoenas would be unduly burdensome for FDA. Alternatively, if the Court was inclined to deny FDA's Motion to Quash, FDA asked the Court to order FDA and Biopure to meet for the purpose of narrowing Biopure's request and to provide FDA with a reasonable time in which to produce any responsive documents that are not otherwise subject to exemptions or privileges, and require Biopure to pay the costs involved in the production and release of the documents.

On January 20, after a full briefing of the issues by FDA and Biopure, Magistrate Judge Kay issued a Memorandum Opinion and Order that granted the United States' Motion to Quash and denied Biopure's Motion to Compel (the "January 20 Order"). Consistent with applicable precedent, the January 20 Order confirmed that FDA was not subject to Biopure's Subpoenas because FDA is not a person under Rule 45. See January 20 Memorandum Opinion at 3-8. Magistrate Judge Kay also determined that Biopure had failed to comply with FDA's Touhy regulations. Id. at 9-10. In addition, based on FDA's alternative argument in its motion Magistrate Judge Kay ordered that the parties meet and confer in an attempt to narrow Biopure's requests and resolve the case without further litigation.

On February 1, 2006, Biopure filed a Motion for Reconsideration, asking the Court to set aside part of the January 20 Order and force FDA to comply with Biopure's third party subpoenas. It did not request reconsideration of Magistrate Judge Kay's directive to meet and confer.

Because the meet-and-confer requirement does not appear to flow from the Court's disposition of Biopure's Subpoenas, reconsideration of that portion of the order is warranted. In fact, having quashed the subpoenas, it does not appear that there is any legal authority for Magistrate Judge Kay to order the parties to meet and confer. Accordingly, FDA hereby moves this

3

Court to reconsider the language in Magistrate Judge Kay's order that directs the parties to meet and confer.[1]

Clearly, FDA takes no issue with the Court's denying Biopure's Motion to Compel and quashing Biopure's Subpoenas. However, if the Court were to reconsider the part of the January 20 Order that denies Biopure's Motion to Compel and quashes Biopure's Subpoenas, FDA believes that the Court would also need to reconsider the remainder of the Order, which requires the parties to meet and confer. Because Biopure is now requesting that the Court reconsider the very foundation for the January 20 Order, and thus the potential viability of Biopure's Subpoenas, for FDA to meet with Biopure at this point would cause an unnecessary drain on the FDA's resources prior to resolution of issues brought before this Court by Biopure. Moreover, the effect of the January 20 Order cannot be adequately resolved if the Court only reconsiders the part of the Order that Biopure seeks to have reconsidered. The outcome of any such reconsideration may affect whether there is even a need to require the parties to meet and confer.

## CONCLUSION

For the above-stated reasons, FDA respectfully requests that

---

[1] Although FDA arranged to meet with representatives of Biopure on February 6, 2006, it has cancelled the meeting. It appears from preliminary discussions between counsel that this matter cannot be resolved without further litigation.

this Court re-examine and set aside that portion of the January 20 Order that requires FDA to meet with Biopure for the purpose of narrowing Biopure's third party discovery requests.

Respectfully submitted,

/s/ Kenneth L. Wainstein
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ R. Craig Lawrence
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Claire Whitaker
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, D.C. 20530
(202) 514-7137

OF COUNSEL:
Paula M. Stannard
Acting General Counsel

Sheldon T. Bradshaw
Chief Counsel
Food and Drug Division

Eric M. Blumberg
Deputy Chief Counsel, Litigation

Michael Shane
Associate Chief Counsel
United States Department of
Health and Human Services
Office of the General Counsel

5

CERTIFICATE OF SERVICE

I certify that the accompanying Non-party FDA's Motion for Reconsideration was served upon defendant Biopure by mail, addressed to:

Steven J. Crimmins, Esq.
John J. Dempsey, Esq.
Bingham McCutchen LLP
1120 20th Street, NW
Suite 800
Washington, DC 20036

Robert A. Buhlman, Esq.
Donald J. Savery, Esq. (also faxed to 617-951-8736)
Bingham McCutchen LLP
150 Federal Street
Boston, MA 02110

Thomas J. Dougherty, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA 02108

John D. Hughes, Esq.
Edwards & Angell LLP
101 Federal Street
Boston MA 02110

Edward P. Leibensperger, Esq.
McDermott Will & Emery LLP
28 State Street
Boston, MA 02109

Ian D. Roffman, Esq.
United States Securities and Exchange Commission
Boston District Office
73 Tremont Street, 6th Floor
Boston, MA 02108

on this 3rd day of February, 2006.

_____
CLAIRE WHITAKER, D.C. BAR # 354530
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7137